# EXHIBIT A

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2020CV0550
3/25/2020 7:06 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Lindsey Tutt

# IN THE SUPERIOR COURT OF
## LOWNDES COUNTY, STATE OF GEORGIA

**JAY VARRONE,**

    **Plaintiff,**

v.

**HOSPITAL AUTHORITY OF VALDOSTA AND LOWNDES COUNTY, GEORGIA, d/b/a SOUTH GEORGIA MEDICAL CENTER,**

    **Defendant.**

_____/

CASE NO.: ~~20~~ 2020CV0550
GA BAR NO.: 121837

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **HOSPITAL AUTHORITY OF VALDOSTA AND LOWNDES COUNTY, GEORGIA, d/b/a SOUTH GEORGIA MEDICAL CENTER**
    **c/o Sam Allen, Chairman**
    **2501 North Patterson Street**
    **Valdosta, Georgia 31602**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, Florida 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on ___March 26___, 2020.

                        Dep. CLERK OF THE CIRCUIT COURT

                                By: ___/s/ Lindsey Tutt___

IN THE SUPERIOR COURT OF
LOWNDES COUNTY, STATE OF GEORGIA

JAY VARRONE,

    Plaintiff,

v.

HOSPITAL AUTHORITY OF
VALDOSTA AND LOWNDES COUNTY,
GEORGIA, d/b/a SOUTH GEORGIA
MEDICAL CENTER,

    Defendant.
_____/

CASE NO.:20-
GA BAR NO.: 121837

## COMPLAINT

Plaintiff, JAY VARRONE, hereby sues Defendant, HOSPITAL AUTHORITY OF VALDOSTA AND LOWNDES COUNTY, GEORGIA, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Title 45, Chapter 1, Section 45-1-4 of the Official Code of Georgia (OCGA).[1]

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, JAY VARRONE, was employed by HOSPITAL AUTHORITY OF VALDOSTA AND LOWNDES COUNTY, GEORGIA, d/b/a SOUTH GEORGIA MEDICAL CENTER, and was therefore a "public employee" within the

---

[1] Plaintiff is simultaneously filing a Charge of Discrimination with the Equal Employment Opportunity Commission, and will amend this action to include claims that must be

meaning of OCGA Section 45-1-4(a)(3). Plaintiff is a member of a protected class because he engaged in protected activity and was subject to retaliation thereafter.

4. At all times pertinent hereto, Defendant, HOSPITAL AUTHORITY OF VALDOSTA AND LOWNDES COUNTY, GEORGIA, d/b/a SOUTH GEORGIA MEDICAL CENTER, has been organized and existing under the laws of the State of Georgia, and has been a "public employer" within the meaning of OCGA Section 45-1-4(a)(4). Defendant's main offices are located in Valdosta, Lowndes County, Georgia.

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was initially hired by Defendant in March 2018 as the Director of Supply Chain Management. He was fired on or about November 15, 2019. At the time of his termination Plaintiff had:

    A. Disclosed a violation of or noncompliance with a law, rule, or regulation to either a supervisor or government agency; and/or

    B. Objected to, or refused to participate in, an activity, policy or practice of Defendant that Plaintiff had reasonable cause to believe was in violation of or noncompliance with a law, rule or regulation.

7. By example only, and without limitation, Plaintiff had repeatedly objected to business practices that caused medical supplies of Defendant to go missing without having been charged to a patient account, resulting in substantial financial loss. This fraud, waste or abuse went uncorrected, even after Plaintiff voiced opposition and after Plaintiff tried alternative ways to bring an end to the practices. Ultimately, Plaintiff was called into a meeting with one official

---

administratively exhausted prior to their inclusion in this proceeding.

to whom he had been voicing opposition, and he was fired. Upon information and belief, Plaintiff's whistleblower activities were a factor in his termination.

8. Plaintiff was terminated in retaliation for his whistle-blower disclosures.

9. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT II
## GEORGIA PUBLIC WHISTLEBLOWER ACT

10. Paragraphs 1-9 are incorporated herein by reference.

11. This is an action against Defendant under OCGA Section 45-1-4 et. seq.

12. Plaintiff was a public employee protected under the provisions of OCGA Section 45-1-4(a)(3).

13. As stated more specifically, in part, above, Plaintiff reported and disclosed violations of a law, rule or regulation to persons inside and outside of the normal chain of command and/or others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws reported by Plaintiff. Plaintiff's reports are within the scope of OCGA Section 45-1-4 et. seq.

14. After reporting these matters as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above.

15. Plaintiff's position and responsibilities within Defendant were adversely affected as a result of reporting violations of rules, regulations and laws specified in part above and he was fired.

16. Plaintiff maintains that the actions of all employees within Defendant who

affected their employment adversely did so at least in part in retaliation against him for his whistleblowing activities.

17. As a direct and proximate result of the actions taken against them by Defendant, Plaintiff suffered injury, including but not limited to past and future wage losses, loss of benefits, and other tangible and intangible damages. Plaintiff is entitled to injunctive relief, including but not limited to reinstatement to his former position with all benefits and rights thereto, and is entitled to compensation for all lost benefits as a result of the wrongful termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Jim Garrity
Jim Garrity (GBN 121837)
Marie A. Mattox (FBN 0739685)
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEYS FOR PLAINTIFF